**Opinion filed August 6, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00341-CR

_____

## LARRY JOSEPH WILKINS, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR18056**

### M E M O R A N D U M   O P I N I O N

The jury convicted Larry Joseph Wilkins of possession of a controlled substance, and the trial court assessed his punishment at six months confinement. We affirm.

### I. *Background Facts*

Brownwood Police Officer Joe Aaron Taylor was on patrol when he noticed a vehicle with an expired inspection sticker. He conducted a traffic stop and determined that the vehicle had a fictitious inspection sticker. The driver was handcuffed and placed in Officer Taylor's vehicle. Wilkins was in the front seat. Officer Taylor asked him to identify himself. He initially said that his name was Roger Allen Wilkins, but he later gave Officer Taylor his correct name. Officer Taylor discovered that Wilkins had three outstanding warrants. Wilkins was handcuffed and was placed under arrest. Officer Taylor searched Wilkins and checked his pockets but not his shoes or the inside

of his clothing. No contraband or weapons were found. Officer Art Shannon arrived as backup, and Wilkins was placed in the back of Officer Shannon's vehicle. Officer Taylor completed his investigation and then moved Wilkins to his own vehicle. Officer Shannon noticed a plastic baggie with a white powdery substance on the floor next to the partition between the front seat and backseat in his car. The substance in the baggie was tested. It weighed .49 grams and contained methamphetamine.

## II. *Issues*

Wilkins challenges his conviction with two issues, contending that his trial counsel was constitutionally ineffective and that the evidence was legally or factually insufficient.

## III. *Ineffective Assistance*

To determine if trial counsel rendered ineffective assistance, we must first determine whether Wilkins has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Wilkins must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's representation was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Wilkins argues that his trial counsel was constitutionally ineffective because he did not call Wilkins's stepdaughter as a witness. The record does not indicate what testimony Wilkins's stepdaughter would have provided or why counsel did not call her. Without this, we cannot conclude that counsel's decision was inappropriate or that it resulted in harm.

Wilkins also complains because counsel conducted a cursory voir dire. Wilkins does not identify any issue that counsel should, but did not, address during voir dire. Counsel told the panel

that, because the State had covered most of the issues, he would not be long, but he did cover two examples of circumstantial evidence leading to the wrong conclusion, deference to police officers, the right to remain silent, and perceptions of drug cases. We cannot conclude that counsel should have covered additional areas or that Wilkins was harmed by the failure to do so.

Finally, Wilkins contends that counsel did not strike two jurors who admitted being friends with law enforcement witnesses. One of the veniremembers that Wilkins identifies, Venireman No.14, was in fact struck by his counsel. The second veniremember, Venireman No. 23, indicated that he knew the officers but stated that this created no problem and that he could listen to their testimony. The record does not indicate why counsel exercised his strikes as he did. Because Brownwood is a small community, we cannot conclude that counsel had no choice but to strike this veniremember merely because he knew the officers. For example, counsel could have reasonably determined that other veniremembers were more objectionable. Issue Two is overruled.

IV. *Sufficiency of the Evidence*

Wilkins argues that the evidence is insufficient because there was only circumstantial evidence connecting him to the drugs and because much of the evidence was inconsistent with the State's allegation. We will apply the following well-recognized standards of review to Wilkins's sufficiency challenges. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

Wilkins draws our attention to the fact that he was searched before being placed in the vehicle, that he was handcuffed and wearing a tank top, and that no one saw him acting suspiciously. Officer Shannon testified that the baggie was not in his car before Wilkins was detained but was there when Wilkins was moved. Officer Shannon always inspects his vehicle at the start of his shift. This includes looking in the backseat. The backseat area is easy to inspect because the seat is made

3

of hard plastic rather than cushions and there are no floor mats. Officer Taylor's traffic stop was Officer Shannon's first call that day. Wilkins was alone in the vehicle for five to ten minutes. Because Officer Shannon was assisting Officer Taylor, he did not observe Wilkins the entire time. Officer Taylor checked the inside of Wilkins's pockets before placing him in Officer Shannon's vehicle, but he did not search Wilkins's shoes or the inside of his clothes. Officer Taylor and Officer Shannon both testified that they have seen people wearing handcuffs reach into their clothes. Officer Taylor testified that he has seen people retrieve items from some "remarkable locations" while wearing handcuffs. Officer Shannon has seen people take off clothes and has also seen them use cell phones.

The evidence is legally and factually sufficient. The jury could accept Officer Shannon's testimony that there was nothing in his backseat before Wilkins was placed there and that a baggie with methamphetamine was there when he was moved. The jury could also reasonably conclude that this baggie was on Wilkins's person, but not in a pocket, and that Wilkins removed it and left it in the floorboard while Officer Taylor finished his investigation. Issue One is overruled.

V. *Holding*

The judgment of the trial court is affirmed.


RICK STRANGE
JUSTICE


August 6, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4